## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL SCARLETT | ) |
| 10724 Sycamore Ridge Lane | ) |
| Tallahassee, Florida 23045, | ) |
| | ) |
| Plaintiff, | ) |
| | )     Civil Action No. |
| v. | ) |
| | ) |
| | ) |
| NATIONAL SCIENCE FOUNDATION | ) |
| 2415 Eisenhower Avenue | ) |
| Alexandria, Virginia 22314, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Dr. Carol Scarlett brings this action against the National Science Foundation

(NSF) to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As

grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §1331.

2.      Venue is proper in this district pursuant to 5 U.S.C. §552(a)(4)(B).

## PARTIES

3.      Plaintiff is a small business owner who was denied a Small Business Innovation

Research (SBIR) Phase II grant by Defendant.

4.      Defendant is an agency of the United States Government and is headquartered at

2415 Eisenhower Avenue, Alexandria, Virginia. Defendant has possession, custody, and control

of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

5.      On April 2, 2018, Plaintiff and her small business, Axion Technologies, LLC, were denied a SBIR Phase II grant to develop a novel, high-speed, truly random number generator, with application in encryption, high performance computing, and artificial intelligence deep learning.

6.      Since the denial, Plaintiff has tried to reconcile why the proposal was declined. On August 29, 2018, after exhausting her administrative remedies of appeal, Plaintiff submitted a FOIA request to Defendant seeking production of the following: "(1) the report submitted by the Cost Analysis and Audit Resolution (CAAR) branch, which supported the initial denial of April 2, 2018; (2) all documents associated with the initial denial of April 2, 2018; (3) the report for the denial of the appeal, which occurred on May 11, 2018; and (4) all documents associated with the denial of the appeal on May 11, 2018."

7.      On September 3, 2018, Defendant responded to Plaintiff via email informing the request had been logged as "FOIA 2018-285F." The email further informed that Defendant has a multi-track system (Simple, Normal, and Complex), that Plaintiff's request had been placed in the Complex Track "based on the amount of work and/or time needed to process the request," and that the estimated response date was September 26, 2018.

8.      On November 1, 2018, after having received no further response from Defendant, Plaintiff requested a status update. The same day, Defendant replied informing that the responsive documents had been received, but not yet reviewed due to the fact the office consisted of only two individuals, and the office was still sorting through a large number of requests from the previous year. Defendant did not inform whether the number of requests was abnormal, nor

did Defendant quantify the term "large". Defendant stated a second estimated response date would be provided on November 5, 2018.

9.      On November 19, 2018, after receiving no further response from Defendant, Plaintiff again requested a status update. On November 23, 2018, Defendant responded that the review had been started that day (November 23). The review would consist of 500 pages of emails and the CPA report, and a flash drive. A partial response was anticipated in December.

10.     On December 19, 2018, after receiving no further response, Plaintiff emailed Defendant inquiring whether the response was near completion. On December 20, 2018, Defendant informed the response was nowhere near completion, but was hopeful to complete the response in January 2019. Defendant further informed that this projected timeline would be unaffected by the then-anticipated lapse in federal appropriations.

11.     As of the date of this complaint, Defendant has failed to: (1) determine whether to comply with the FOIA request; (2) notify Plaintiff of such determination or the reasons therefor; (3) advise Plaintiff of the right to appeal any adverse determination; or (4) produce the requested records or otherwise demonstrate that the requested records are exempt from production. Further, Defendant has not provided any "unusual circumstances," as defined in 5 U.S.C. § 552(a)(6)(B)(iii), which would warrant extension of the prescribed time limit.

12.     Because Defendant has failed to comply with the time limit set forth in 5 U.S.C § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT
**(Violation of FOIA, 5 U.S.C. § 552)**

13.     Plaintiff incorporates paragraphs 5 – 12 as if fully stated herein.

14.     Defendant is unlawfully withholding records as requested by Plaintiff pursuant to

5 U.S.C. § 552.

15.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful

withholding of records responsive to Plaintiff's FIOA request, records which are necessary for

Plaintiff's understanding of why she was denied the SBIR Phase II grant. Without such

information, Plaintiff cannot assess any further avenues of redress, which could be subject to

statutes of limitations, and her business' ability to continue research, development, and

production is stymied, which in turn affects Plaintiff financially. Plaintiff will continue to be

irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of

the law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to

produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a

*Vaughn* index of any responsive records withheld under claim of exemption; (2) enjoin

Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's

FOIA request; (3) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably

incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (4) grant Plaintiff such other relief

as the Court deems just and proper

Dated: January 4, 2019

Respectfully submitted,

Eric S. Montalvo, DC Bar No. 993206
THE FEDERAL PRACTICE GROUP
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: 202-862-4360
Facsimile: 888-899-6053
emontalvo@fedpractice.com

*Counsel for Plaintiff*